

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00260-CV

---

In re Ariana Ruiz

## AN ORIGINAL PROCEEDING IN MANDAMUS

## MEMORANDUM OPINION

On July 1, 2026, Relator Ariana Ruiz filed this petition for writ of mandamus and emergency motion for temporary relief against Respondent, The Honorable Associate Judge James Lucas of the 388th District Court, El Paso County, Texas, as well as the "Referring Trial Court." According to Ruiz's petition, the underlying trial court proceeding concerned a suit affecting the parent-child relationship. In the petition, Ruiz asks that this Court issue a writ of mandamus "directing the Respondent to vacate the denial of an emergency hearing and to promptly hold and conclude an immediate hearing on Relator's motion for temporary orders and enforcement, and to consider and rule on interim possession and access consistent with applicable law and the children's best interests" before a July 15, 2026 hearing setting. Ruiz also filed an emergency

motion requesting that the Court grant temporary relief to "preserve jurisdiction and protect the parties and children from imminent harm."

To obtain relief, the relator must satisfy both procedural and substantive requirements. *In re A.R.M.*, No. 08-26-00108-CV, 2026 WL 805752, at *1 (Tex. App.—El Paso Mar. 23, 2026, orig. proceeding) (mem. op.). The relator is required to provide the Court with a mandamus petition that complies with the Texas Rules of Appellate Procedure and that is supported by a sufficient mandamus record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (relator has the "burden of providing" the court with a "sufficient record to establish" the right to mandamus); Tex. R. App. P. 52.3 (establishing the required form and contents of the mandamus petition); Tex. R. App. P. 52.7 (providing the requirements for the mandamus record). Substantively, the relator bears the burden of showing that "(1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding).

Here, Relator's petition does not comply with the Texas Rules of Appellate Procedure. The petition's Index of Authorities lists purported legal authority without any citations; for example, it lists various case names, each of which is followed by "[citation needed]." *See* Tex. R. App. P. 52.3(d). The petition is also missing a statement of the case providing "a concise description of the nature of the underlying proceeding" and "a concise description of the respondent's action from which the relator seeks relief." Tex. R. App. P. 52.3(e)(1), (3). In addition, the petition does not contain the required certification stating that Ruiz has reviewed the petition and "concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(k). Nor does the petition include proper citations to the appendix or record in the argument section. *See* Tex. R. App. P. 52.3(i).

Ruiz must file with her petition a sufficient record to establish her right to mandamus relief. *See* Tex. R. App. P. 52.3(l); *id*. 52.7(a)(1) (requiring that relator file a record that contains a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding"); *Walker*, 827 S.W.2d at 837. Specifically, Texas Rule of Appellate Procedure 52.3(l)(1)(B) requires her to include "a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." Tex. R. App. P. 52.3(l)(1)(B). Ruiz included an appendix, but none of the documents included are sworn or certified. *Id*. This defect—along with those identified above—are sufficient reasons to deny the requested mandamus relief. *See, e.g.*, *In re A.R.M.*, 2026 WL 805752, at *1; *In re XPO Logistics Freight, Inc.*, No. 08-25-00184-CV, 2025 WL 2005016, at *1 (Tex. App.—El Paso July 17, 2025, orig. proceeding) (mem. op.). Moreover, without a conforming petition and record, the Court is unable to ascertain whether Relator can establish a right to mandamus relief in this matter.

We deny Ruiz's petition for writ of mandamus as well as her emergency motion for temporary relief.

LISA J. SOTO, Justice

July 6, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.